IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| TRAVALYN KEON ALDRIDGE, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:17-CV-00110-RWS |
| | § | |
| DIR TDCJ, LORIE DAVIS-DIRECTOR TDCJ-CID, | § | |
| | § | |
| Defendants. | § | |

# ORDER

Petitioner, Travalyn Keon Aldridge, an inmate confined at the John B. Connally Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging several claims of ineffective assistance of counsel. The Court referred this matter to the Honorable Caroline Craven, United States Magistrate Judge, at Texarkana, Texas, for consideration pursuant to 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

The Magistrate Judge issued a Report and Recommendation (Docket No. 20) recommending the petition for writ of habeas corpus be denied. Petitioner acknowledged receipt of the Report and Recommendation. Docket No. 22. Neither party has filed objections to the Magistrate's report. Accordingly, any aggrieved party is barred from *de novo* review by the District Judge of those findings, conclusions and recommendations, and except upon grounds of plain error, the parties are not entitled to appellate review of the unobjected to factual findings and legal conclusions accepted and adopted by the District Court. 28 U.S.C. § 636(b)(1)(C); *Douglass*

*v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1995) (en banc).

Nonetheless, the Court has reviewed the pleadings in the cause and agrees with the report of the Magistrate Judge. *See United States v. Raddatz*, 447 U.S. 667, 683 (1980) ("[T]he statute permits the district court to give to the magistrate's proposed findings of fact and recommendations 'such weight as [their] merit commands and the sounds discretion of the judge warrants . . . .' ") (quoting *Mathews v. Weber*, 23 U.S. 261, 275 (1976)). There being no grounds of plain error or manifest injustice, the Court hereby **ADOPTS** the Report and Recommendation of the Magistrate Judge (Docket No. 20) as the findings and conclusions of this Court.

Additionally, the Court is of the opinion that petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483–84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280–81 (5th Cir. 2000), *cert. denied*, 531 U.S. 849 (2000).

In this case, petitioner has not shown that any of the issues would be subject to debate among jurists of reason. The questions presented are not worthy of encouragement to proceed

further.  Therefore, the petitioner has failed to make a sufficient showing to merit the issuance of certificate of appealability.  Accordingly, a certificate of appealability will not be issued.  It is therefore

    **ORDERED** that the Magistrate Judge's Report (Docket No. 20) is **ADOPTED** as the opinion of this court.  It is further

    **ORDERED** that the above-styled action is **DISMISSED WITH PREJUDICE**.  Finally, it is

    **ORDERED** that any and all motions by either party not previously ruled on are **DENIED AS MOOT**.

    **So ORDERED and SIGNED this 8th day of October, 2019.**

*[signature: Robert W. Schroeder III]*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE